UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JACOB SILVERMAN,

Plaintiff,

v.

MENDIBURU, et al.,

Defendants.

Case No. 17-01146 BLF (PR)

**ORDER GRANTING MOTION FOR SUMMARY JUDGMENT; GRANTING MOTION TO SUBSTITUTE NAME OF DEFENDANT; DENYING OTHER MOTION**

(Docket Nos. 21, 41 & 46)

Plaintiff, a California inmate, filed a *pro se* civil rights complaint under 42 U.S.C. § 1983, against jail officials at Humboldt County Correctional Facility ("HCCF").[1] The Court found the complaint stated a cognizable excessive force claim under the Eighth Amendment and ordered Defendants Deputy Hudson, Corporal Mendiburu, Deputy Twitchell (Sr.), and Sgt. Griffin to file a motion for summary judgment or other dispositive motion. (Docket No. 10.) Defendants filed a motion for summary judgment asserting that the use of force was reasonable as matter of law and they are entitled to qualified immunity. (Docket No. 21, hereafter "Mot.") Plaintiff filed an opposition, (Docket No.

---

[1] This matter was reassigned to this Court on September 22, 2017. (*See* Docket Nos. 15, 17.)

28), and Defendants filed a reply, (Docket No. 34).[2]

Plaintiff also filed a motion to substitute the name of Defendant Sgt. Griffin with Corporal T. Arnold, who is the proper Defendant in this action. (Docket No. 41.) Defendants oppose the motion, asserting that granting the motion would cause delay, require further briefing, and would be futile. (Docket No. 42.) The Court is not persuaded that granting the motion would cause further delay as Defendants' motion for summary judgment can be decided notwithstanding the fact that newly identified Defendant Arnold has not yet been served in this matter. Accordingly, good cause appearing, the motion is GRANTED. Accordingly, Defendant Sgt. Griffin is DISMISSED from this action as he was improperly named and there are no claims against him. Defendant T. Arnold shall be substituted as the proper defendant in his place.

For the reasons discussed below, Defendants' summary judgment motion is **GRANTED**.

## DISCUSSION

### I.    Statement of Facts[3]

On December 22, 2016, Defendant Corporal M. Mendiburu was working as a uniformed Senior Correctional Deputy at HCCF, assigned as the third floor rover/supervisor. (Mendiburu Decl., Ex. A.)

At approximately 1120 hours, Defendant Correctional Deputy J. Hudson called

---

[2] Plaintiff thereafter filed another "reply" to Defendants' reply. (Docket No. 39.) In the order of service, the Court stated that any dispositive motion filed by Defendants would be deemed submitted as of the date the reply brief is due. (Docket No. 10 at 4.) Nor did Plaintiff obtain court approval prior to filing the additional papers as required under Local Rule 7-3(d). Because he did not obtain Court approval before filing additional papers as required under the Local Rule 7-3(d), the Court will not consider this additional briefing.

[3] The following facts are undisputed unless otherwise indicated. These facts are taken from the declarations submitted in support of Defendants' summary judgment motion, (Docket Nos. 21-1, 21-2, 21-3, 21-4), as Plaintiff did not submit any declaration, affidavit or other competent evidence in his opposition to summary judgment to dispute these facts.

2

United States District Court
Northern District of California

Defendant Mendiburu and informed him that Plaintiff, housed in N334, was continuously making rude statements to her. (Mendiburu Decl., Ex. A; Hudson Decl., Ex. A.) These statements included: "you are noise pollution and unprofessional," and "you belong in a women's facility." (Hudson Decl., Ex. A.) Plaintiff had made similar comments to Defendant Hudson throughout the week. (*Id.*) Defendant Hudson requested that Plaintiff be removed from the housing dorm for disrespect. Defendant Mendiburu told Defendant Hudson that after feeding was complete, he would assist in removing Plaintiff from cell N334 to a holding cell on the first floor processing/booking area of the facility. (*Id.*; Mendiburu Decl., Ex. A.)

At approximately 1130 hours, Defendants Mendiburu, Hudson, and Deputy L. Twitchell, approached Plaintiff's cell to move him downstairs to the holding cell. (Mendiburu Decl., Ex. A; Hudson Decl., Ex. A; Twitchell Decl., Ex. A.) When Defendant Hudson approached the cell, she saw Plaintiff sitting at his desk writing. (Hudson Decl., Ex. A.) Defendant Hudson opened the cell and instructed Plaintiff to exit the cell. (*Id.*) Plaintiff ignored her order. (*Id.*) Defendant Mendiburu instructed cellmate Gower to exit the cell. (*Id.*) Defendant Twitchell escorted Gower to the multipurpose room. (*Id.*; Twitchell Decl., Ex. A.) Defendants Hudson and Mendiburu entered Plaintiff's cell. (*Id.*) Plaintiff stood up and picked up a folder of papers and said, "I'm going to need my legal paperwork." (*Id.*) Defendant Mendiburu told Plaintiff he was not taking his paperwork, and Plaintiff set it on the bed. (*Id.*) Defendant Mendiburu then told Plaintiff to turn around and place his hands behind his back. (*Id.*) Plaintiff ignored the order. (*Id.*) When Defendant Mendiburu took control of Plaintiff's right arm and turned him around, Plaintiff began to resist. (*Id.*) Defendant Mendiburu gave Plaintiff verbal commands to stop resisting, which he ignored. (*Id.*) Defendant Mendiburu applied pressure to the control hold and pushed Plaintiff up against the bunk, until he stopped resisting. (*Id*; Hudson Decl., Ex. A.) Defendant Hudson then placed Plaintiff in handcuffs. (*Id.*) By this time, Defendant Twitchell had returned and observed Plaintiff physically resisting while in

3

handcuffs. (Twitchell Decl., Ex. A.)

Defendants Mendiburu and Twitchell then escorted Plaintiff down the hallway, and Defendant Hudson followed. (Hudson Decl., Ex. A; Benge Decl., Ex. A at Cam 1, 11:20, Cam 3 11:20.[4]) As Defendants Mendiburu and Twitchell began escorting Plaintiff, he again began to resist, and Defendant Mendiburu decided to escort Plaintiff walking backwards so they would be at a position of advantage. (Mendiburu Decl., Ex. A; Video, Cam 1, 11:20, Cam 3, 11:20.) Defendant Mendiburu controlled Plaintiff's left side while Defendant Twitchell controlled his right side. (*Id.*) As they were walking, Plaintiff was yelling, "Oh you think you are tough, you want to break my wrist go ahead tough guy break my wrist." (*Id.*) As Plaintiff was making these statements, he applied pressure to Defendant Mendiburu's control hold. (Mendiburu Decl., Ex. A.) When they entered the elevator, Plaintiff attempted to turn towards Defendants Mendiburu who, along with Defendant Twitchell, placed Plaintiff against the wall to gain control. (*Id.*; Twitchell Decl., Ex. A; Video, Cam 9, 11:21.) Defendant Mendiburu removed Plaintiff's glasses and handed them to Defendant Hudson to prevent possible damage. (*Id.*; Hudson Decl., Ex. A.)

When they arrived to the processing level, Plaintiff was escorted out of the elevator and toward the holding cell. (Video, Cam 22, 11:22.) Correctional Sgt. Arnold assisted Defendants Mendiburu and Twitchell by controlling Plaintiff's head. (*Id.*; Mendiburu Decl., Ex. A; Twitchell Decl., Ex. A.) Defendant Mendiburu gave Plaintiff a verbal

---

[4] Exhibit A to the Benge Declaration is a USB drive which includes video footage from various cameras, hereinafter referred to as "Video, Cam" followed by a number, e.g., "Video, Cam 1." Officer Jason Benge is the Compliance Officer for HCCF, who attests that the USB drive contains all available video footage recorded by all cameras concerning the December 22, 2016, incident. (Benge Decl. ¶ 2, Ex. A.) Plaintiff asserts in his motion to enforce a subpoena to obtain "unedited video information" that the evidence was "edited, tampered with, spliced and doctored… by whomever handled and forwarded the version." (Docket No. 46.) However, Plaintiff fails to explain what further information a "pristine" video would show that would be helpful to this case. (*Id.*) Accordingly, the motion for a subpoena is DENIED.

4

command to get on his knees once they arrived at the holding cell. (Mendiburu Decl., Ex. A.) Plaintiff got on his knees but would not get on his stomach. (*Id.*) Plaintiff was then placed on his stomach. (*Id.*) Sgt. Arnold maintained control of Plaintiff's head as he was trying to face Defendant Mendiburu and lift up. (*Id.*) Defendant Twitchell maintained control of one arm and Defendant Mendiburu controlled the other. (*Id.*) Once Plaintiff was on the floor, Defendant Hudson removed Plaintiff's handcuffs. (*Id.*) Defendant Mendiburu instructed the staff to exit the cell safely. (*Id.*) Defendant Mendiburu removed his department issued Taser X26, turned it on, pointed the taser at Plaintiff's back, and warned him that if he stood up he would be tased. (*Id.*) All deputies exited the cell safely without further incident. (*Id.*)

Based on Plaintiff's allegations from this incident, the Court found he stated a cognizable claim of excessive force against Defendants Hudson, Mendiburu, Twitchell, and Arnold (originally identified as "Griffin" in the complaint). (Docket No. 10 at 2.)

## II.    Summary Judgment

Summary judgment is proper where the pleadings, discovery and affidavits show that there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A court will grant summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial . . . since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex Corp. v. Cattrett*, 477 U.S. 317, 322-23 (1986). A fact is material if it might affect the outcome of the lawsuit under governing law, and a dispute about such a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

Generally, the moving party bears the initial burden of identifying those portions of the record which demonstrate the absence of a genuine issue of material fact. *See Celotex*

5

United States District Court
Northern District of California

*Corp.*, 477 U.S. at 323. Where the moving party will have the burden of proof on an issue at trial, it must affirmatively demonstrate that no reasonable trier of fact could find other than for the moving party. But on an issue for which the opposing party will have the burden of proof at trial, the moving party need only point out "that there is an absence of evidence to support the nonmoving party's case." *Id.* at 325. If the evidence in opposition to the motion is merely colorable, or is not significantly probative, summary judgment may be granted. *See Liberty Lobby*, 477 U.S. at 249-50.

The burden then shifts to the nonmoving party to "go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate specific facts showing that there is a genuine issue for trial.'" *Celotex Corp.*, 477 U.S. at 324 (citations omitted). "This burden is not a light one. The non-moving party must show more than the mere existence of a scintilla of evidence." *In re Oracle Corporation Securities Litigation*, 627 F.3d 376, 387 (9th Cir. 2010) (citing *Liberty Lobby*, 477 U.S. at 252). "The non-moving party must do more than show there is some 'metaphysical doubt' as to the material facts at issue." *Id.* (citing *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)). "In fact, the non-moving party must come forth with evidence from which a jury could reasonably render a verdict in the non-moving party's favor." *Id.* (citing *Liberty Lobby*, 477 U.S. at 252). If the nonmoving party fails to make this showing, "the moving party is entitled to judgment as a matter of law." *Celotex Corp.*, 477 U.S. at 323.

The Court's function on a summary judgment motion is not to make credibility determinations or weigh conflicting evidence with respect to a material fact. *See T.W. Elec. Serv., Inc. V. Pacific Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987). The evidence must be viewed in the light most favorable to the nonmoving party, and the inferences to be drawn from the facts must be viewed in a light most favorable to the nonmoving party. *See id.* at 631. It is not the task of the district court to scour the record in search of a genuine issue of triable fact. *Keenan v. Allen*, 91 F.3d 1275, 1279 (9th Cir.

6

1996).  The nonmoving party has the burden of identifying with reasonable particularity the evidence that precludes summary judgment.  *Id.*  If the nonmoving party fails to do so, the district court may properly grant summary judgment in favor of the moving party.  *See id.; see, e.g., Carmen v. San Francisco Unified School District*, 237 F.3d 1026, 1028-29 (9th Cir. 2001).

## A.    Excessive Force

A prisoner has the right to be free from cruel and unusual punishment, including physical abuse by guards.  Whenever prison officials stand accused of using excessive physical force in violation of the Eighth Amendment, the core judicial determination is whether force was applied in a good-faith effort to maintain or restore discipline, or was applied maliciously and sadistically to cause harm.  *Hudson v. McMillian*, 503 U.S. 1, 6 (1992) (citing *Whitley v. Albers*, 475 U.S. 312, 317 (1986)).  In making this determination, a court may evaluate the need for application of force; the relationship between that need and the amount of force used; the extent of any injury inflicted; the threat reasonably perceived by the responsible officials; and any efforts made to temper the severity of a forceful response.  *See Hudson*, 503 U.S. at 7; *see also Spain v. Procunier*, 600 F.2d 189, 195 (9th Cir. 1979) (guards may use force only in proportion to need in each situation).

The evidence presented does not show a genuine dispute as to any material fact relating to Plaintiff's claim of excessive force against Defendants.  Plaintiff alleges in the complaint that Defendants used excessive force even though he was not resisting, and that at times he received no commands prior to their use of force. (Compl., Attach. at 5.[5])  In response, Defendants have submitted declarations which refer to their reports from the December 22, 2016 incident, reports that were prepared within hours of the incident. (Docket Nos. 21-1, 21-3, 21-4.)  The three reports prepared by Defendants Mendiburu, Twitchell, and Hudson are consistent with each other, and state that Plaintiff resisted

---

[5] In the "statement of claim" section of the complaint, Plaintiff states that the "facts are listed in this grievance" which are attached to the complaint. (Compl. at 3.)

United States District Court
Northern District of California

throughout the incident, from the time he ignored orders to place his hands behind his back in his cell, while being escorted to the elevator and therein, until he arrived at the holding cell and refused to lie on his stomach. (*Id.*) Only after Plaintiff failed to comply with their orders did Defendants act to gain control of Plaintiff, e.g., by applying pressure to the control hold and pushing Plaintiff against the bunk until he complied to being handcuffed, keeping control of Plaintiff's arms as they walked to and from the elevator, making him walk backwards to maintain an advantage, and by controlling his head until he was placed in the holding cell. *See supra* at 3-4.

Furthermore, the Court has viewed the video footage from cameras in the hallway showing Plaintiff being escorted from his cell to the elevator, in the elevator, and the hallway to the holding cell. (Benge Decl., Video, Cam 1, 11:20; Cam 9, 11:21, Cam 22, 11:22.) The Court notes first of all, that Plaintiff is a much larger man than Defendants Mendiburu, Twitchell, or Hudson. (*Id.*) Secondly, these videos do not show Defendants using excessive force against Plaintiff in any of these locations. Rather, they show two deputies, presumably Defendant Mendiburu and Twitchell, holding a rather larger inmate firmly by his handcuffed arms as he walked backwards into an elevator; once in the elevator, they pushed him without much force into a corner and firmly held him there until they reached the designated floor at which they time they maintained their firm hold on him and maneuvered him walking backwards out of the elevator; in the hallway, they continued their firm hold of Plaintiff while additional deputies escorted them to the holding cell down a hall that is less visible. (*Id.*) Furthermore, the deputies' reports of this incident are consistent with what appears in these videos. Based on this evidence, Defendants have shown that there is no genuine issue of material fact as to whether any of the Defendants applied force in a good-faith effort to maintain control or maliciously and sadistically to cause harm. *Hudson*, 503 U.S. at 6.

Defendants also assert that Plaintiff has failed to satisfy the "physical injury requirement" because Plaintiff does not allege that he was diagnosed with any condition

indicating that he sustained any physical injury as a result of this incident. (Mot. at 6.) Plaintiff claims in his complaint that his "wrist is injured and neck a bit." (Compl. at 3.) For the first time in his opposition, Plaintiff asserts that he has not received effective pain treatment, that he has been diagnosed with "nerve damage," and that he believes there are "undiagnosed injuries that he cannot articulate in his hand/wrist to elbow area which this facility refuses to refer remedy for." (Opp. at 16.) In reply, Defendants assert that Plaintiff's assertions are only "conclusions and speculation" with respect to whether his alleged injuries are linked to the incident in question. (Reply at 1.) The Court concludes that Defendants argument based on the lack of injury is not persuasive. To conclude that the absence of some arbitrary quantity of injury requires automatic dismissal of an excessive force claim improperly bypasses *Hudson*'s core inquiry of whether force was applied maliciously and sadistically to cause harm. *Wilkins v. Gaddy*, 559 U.S. 34, 39 (2010); *accord Oliver v. Keller*, 289 F.3d 623, 628 (9th Cir. 2002) (clarifying that in embracing physical injury standard under 42 U.S.C. § 1997e(e) adopted by several circuits, Ninth Circuit does not subscribe to reasoning of other circuits that 8th Amendment claims require that "the injury must be more than *de minimis*"; standard used for 8th Amendment excessive force claims only examines whether the use of physical force is more than *de minimis*).

Nevertheless, the extent of injury suffered by an inmate is just one factor that may suggest whether the use of force could possibly have been thought necessary in a particular situation. *Hudson*, 503 U.S. at 7. Based on the evidence submitted, the other *Hudson* factors indicate that Defendants applied force in a good-faith effort to maintain or restore discipline: the need and the amount of force used was reasonable as Plaintiff was resisting throughout the incident; Defendants reasonably perceived that Plaintiff, in resisting, posed a threat to them since he was a much larger man than any of them; and Defendants only used force necessary to control Plaintiff, even walking him backwards to maintain an advantage rather than use more aggressive tactics, and stopped applying force once

9

Plaintiff was in the holding cell. *Id.* The evidence also shows that Defendants were concerned with the safety of deputies as Defendant Mendiburu took further precautions by warning Plaintiff that a taser would be used if he did not comply with the order to remain down until all deputies had exited the cell. *Id.* at 5. Accordingly, Defendants have met their initial burden of demonstrating the absence of a genuine issue of material fact with respect to the excessive force claim against them. *See Celotex Corp.*, 477 U.S. at 323.

The burden then shifts to Plaintiff to designate specific facts showing that there is a genuine issue for trial. *Id.* at 324. He must do so by going "beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admission on file." *Id.* Plaintiff has failed to meet this burden as he has submitted no affidavit or other evidence to indicate that material facts are in dispute. Rather, Plaintiff generally asserts that Defendants' facts are "fakes and fabrications," and repeats his claims from the complaint. (Op. at 2-3, 9-14.) Plaintiff provides no evidence other than his own assertions, which are not presented in a proper affidavit, that Defendants used excessive force during the incident at issue. Plaintiff also asserts that during a previous incident he did not resist and therefore, he did not do so on December 22, 2016, but this is clearly conclusory. (*Id.* at 5.) He also submits copies of various grievances in an attempt to show a pattern of behavior by Defendants against him, but which have no direct relevance to the incident at issue. (Opp., Exs.) Plaintiff also submits copies of "medical request forms" to prove his injuries. (Opp., Ex. 29.) However, as discussed above, the extent of injury is merely one of several factors considered to determine whether Defendants used excessive force in violation of the Eighth Amendment, and all the other facts indicate that Defendants use a reasonable amount of force. *See supra* at 9. Lastly, Plaintiff submits a declaration of another prisoner stating that Defendant Mendiburu "assaulted" him even after he complied with instructions to "cuff up." (Opp., Ex. 31.) The appropriateness of Defendant Mendiburu's behavior with respect to that inmate is irrelevant to the question of whether on December 22, 2016, Defendant Mendiburu used appropriate force on Plaintiff

in consideration of the *Hudson* factors. Accordingly, it cannot be said that Plaintiff has come forth with evidence from which a jury could reasonably render a verdict in Plaintiff's favor. *See In re Oracle Corporation Securities Litigation*, 627 F.3d at 387.

Based on the evidence presented, Defendants have shown that there is no genuine issue of material fact with respect to Plaintiff's excessive force claim. *See Celotex Corp.*, 477 U.S. at 323. In opposition, Plaintiff has failed to point to specific facts showing that there is a genuine issue for trial, *id.* at 324, or identify with reasonable particularity the evidence that precludes summary judgment, *Keenan*, 91 F.3d at 1279. Accordingly, Defendants are entitled to judgment as a matter of law. *Id.*; *Celotex Corp.*, 477 U.S. at 323.

### B.   Unserved Defendant Arnold

Defendant Arnold has not been served in this action since he has just recently been identified as the proper defendant and substituted for Defendant Griffin. *See supra* at 2. The only claim against him is the same excessive force claim against the other Defendants in this action.

Summary judgment may be granted by the court *sua sponte* in favor of a nonappearing party on the basis of facts presented by other defendants who have appeared. *See Columbia Steel Fabricators v. Ahlstrom Recovery*, 44 F.3d 800, 802-03 (9th Cir.) (affirming grant of summary judgment in favor of nonappearing defendant where plaintiff, in response to summary judgment motion filed by defendant who had appeared, had "full and fair opportunity to brief and present evidence" on dispositive issue as to claim against nonappearing defendant), *cert. denied*, 516 U.S. 864 (1995); *see also Abagninin v. AMVAC Chemical Corp.*, 545 F.3d 733, 742 (9th Cir. 2008) (holding district court properly granted motion for judgment on the pleadings as to unserved defendants where such defendants were in a position similar to served defendants against whom claim for relief could not be stated); *Silverton v. Dep't of Treasury*, 644 F.2d 1341, 1345 (9th Cir. 1981) (holding district court on its own motion may grant motion to dismiss as to defendants who have not

United States District Court
Northern District of California

11

moved to dismiss where such defendants are in a position similar to that of moving defendants).

Here, Defendant Arnold is in a position similar to served Defendants who have shown that they are entitled to summary judgment based on the absence of a genuine issue of material fact with respect to the excessive force claim against them. *See supra* at 8-10. The declarations submitted by Defendants who have appeared in this action sufficiently describe Defendant Arnold's involvement in this incident: Defendant Arnold provided assistance to Defendants Mendiburu and Twitchell by controlling Plaintiff's head after they exited the elevator, and later in the holding cell, Defendant Arnold maintained control of Plaintiff's head as he was trying to face Defendant Mendiburu and lift up. *Id.* at 4-5. Plaintiff has failed to submit, in opposition, any evidence to indicate that material facts are in dispute with respect to any Defendants' actions, including that of Defendant Arnold. Defendants' declarations indicate that Plaintiff was resisting throughout his escort to the holding cell, which necessitated Defendant Arnold providing additional assistance upon their exit from the elevator and inside the holding cell. *Id.* Although Plaintiff was mistaken as to Defendant Arnold's name, Plaintiff's allegations clearly challenge Defendant Arnold's actions during this incident. He therefore had a "full and fair opportunity to brief and present evidence" on the merits as to excessive force claim against Defendant Arnold. *See Columbia Steel Fabricators v. Ahlstrom Recovery*, 44 F.3d at 802-03.

Based on the foregoing, the Court *sua sponte* grants summary judgment in favor of Defendant Arnold on the basis of facts presented by other Defendants who have appeared, showing that there is an absence of a genuine issue of material fact with respect to the excessive force claim against them. *See Columbia Steel Fabricators*, 44 F.3d at 802-03.

///

///

///

12

## CONCLUSION

For the reasons stated above, Defendants J. Hudson, Corporal M. Mendiburu, and Deputy L. Twitchell's motion for summary judgment, (Docket No. 21), is **GRANTED**.[6] The claims against them are **DISMISSED** with prejudice.

Plaintiff's motion to substitute the name of Defendant Sgt. Griffin with Corporal T. Arnold is **GRANTED**. (Docket No. 41.) Defendant Sgt. Griffin is **DISMISSED** from this action as there are no claims against him.

Because unserved Defendant Corporal T. Arnold is in a position similar to the Defendants who have appeared in this action on the claim of excessive force, summary judgment is also granted in his favor. The claim against him is **DISMISSED** with prejudice.

Plaintiff's motion for assistance in issuing a subpoena, (Docket No. 46.), is DENIED. *See supra* at 4, fn. 4.

This order terminates Docket No. 21, 41, and 46.

**IT IS SO ORDERED.**

Dated: _May 10, 2018_

_____
BETH LABSON FREEMAN
United States District Judge

Order Granting Defs.' Motion for Summary Judgment
PRO-SE\BLF\CR.17\01146Silverman_grant-msj

---

[6] Because the Court finds that no constitutional violation occurred, it is not necessary to reach Defendants' qualified immunity argument.