UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACOB SILVERMAN,<br><br>    Plaintiff,<br><br>    v.<br><br>MENDIBURU, et al.,<br><br>    Defendants. | Case No. 17-01146 BLF (PR)<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION; DENYING OTHER PENDING MOTIONS**<br><br><br><br>(Docket Nos. 52, 53, 54, 55, 57 & 58) |

Plaintiff, a California state prisoner, filed a civil rights complaint in *pro se* pursuant to 42 U.S.C. § 1983. On May 10, 2018, the Court granted Defendants' motion for summary judgment and dismissed Plaintiff's excessive force claim; judgment was entered the same day. (Docket Nos. 48 & 49.)

Plaintiff filed a motion to reopen the case, which the Court construes as a motion for reconsideration. (Docket No. 52.) Plaintiff has also filed a motion to enforce subpoena, (Docket No. 53), a motion an "emergency filing," (Docket No. 54), motion to appoint counsel, (Docket No. 55), administrative motion to file under seal, (Docket No. 57), and a motion for reconsideration of court appointed counsel, (Docket No. 58).

Where the court's ruling has resulted in a final judgment or order (e.g., after dismissal or summary judgment motion), a motion for reconsideration may be based either

on Rule 59(e) (motion to alter or amend judgment) or Rule 60(b) (motion for relief from judgment) of the Federal Rules of Civil Procedure. *See Am. Ironworks & Erectors v. N. Am. Constr. Corp.*, 248 F.3d 892, 898-99 (9th Cir. 2001). A motion for reconsideration under Rule 59(e) "'should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the law.'" *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999) (citation omitted) (en banc). The denial of a motion for reconsideration under Rule 59(e) is construed as a denial of relief under Rule 60(b). *Id.* at 1255 n.3 (9th Cir. 1999) (citation omitted) (en banc). Rule 59(e) is used for a substantive change of mind by the court while Rule 60(a) should be used when the court has made an error in execution that requires the judgment to be corrected to implement the intended purpose. *Tattersalls, Ltd., v. DeHaven*, 745 F.3d 1294, 1299 (9th Cir. 2014).

Motions for reconsideration should not be frequently made or freely granted; they are not a substitute for appeal or a means of attacking some perceived error of the court. *See Twentieth Century - Fox Film Corp. v. Dunnahoo*, 637 F.2d 1338, 1341 (9th Cir. 1981). "'[T]he major grounds that justify reconsideration involve an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Pyramid Lake Paiute Tribe of Indians v. Hodel*, 882 F.2d 364, 369 n.5 (9th Cir. 1989) (quoting *United States v. Desert Gold Mining Co.*, 433 F.2d 713, 715 (9th Cir. 1970)).

Here, Plaintiff asserts that the Court never received his opposition and that Defendants tampered with the video evidence they submitted in support of their motion. (Docket No. 52.) First of all, Plaintiff's opposition was filed on November 28, 2017, and was comprised of a 24-page brief, and 39 pages of exhibits. (Docket No. 28.) The Court referred to it and duly considered it in ruling on Defendants' summary judgment motion. (Docket Nos. 48 at 1, 4, 9, 10.) The Court also duly considered Plaintiff's argument in

2

opposition that the video footage was tampered with and rejected it. (*Id.* at 4, fn. 4.) Accordingly, there is no merit to Plaintiff's argument that his opposition was never filed and not properly considered in the Court's ruling. Plaintiff fails to set forth any other grounds to justify reconsideration, e.g., an intervening change of controlling law, new evidence, clear error in the Court's dismissal of the action, or "manifest injustice." *Hodel*, 882 F.2d at 369 n.5. Absent highly unusual circumstances, and Plaintiff pleads none, the Court finds no other basis for granting this motion for reconsideration where the Court's granting of Defendants' summary judgment motion was correct. Accordingly, the motion for reconsideration is **DENIED**. (Docket No. 52.)

In light of this denial, Plaintiff's other post judgment motions, (Docket Nos. 53, 54 & 57), are **DENIED** as moot. Plaintiff's motions related to appointment of counsel, (Docket Nos. 55 & 58), are **DENIED** to raising it in the Ninth Circuit on appeal.

This order terminates Docket Nos. 52, 53, 54, 55, 57, and 58.

**IT IS SO ORDERED.**

Dated**:** ___8/8/2018___

BETH LABSON FREEMAN
United States District Judge

Order Denying for Recon.; Other Motions
P:\PRO-SE\BLF\CR.17\01146Silverman_deny.recon.docx

3